May 23.
The PRESIDENT
delivered the opinion of the Court.
The only question in this case, on the merits, which is presented by the bill of exceptions filed in the record, is, whether the instruction to the jury, asked for by the defendant, was properly refused by the Judge? After the plaintiff had exhibited his evidence, to wit: that Elliott Muse and wife had conveyed to him, by deed of mortgage, for valuable consideration, the slave in the declaration mentioned, and also the deed of mortgage duly recorded; and also had proved, that the defendant was, at the institution *of the suit, in possession of the said slave; the defendant then proved, that the said plaintiff, before the institution of the suit, had been paid by Walter Healy, one of the sureties to the collateral bond, in the said mortgage mentioned, the whole amount of the money due to him, which the said mortgage was Intended to secure; but, that the said plaintiff had never executed a release, and that the said suit was instituted and carried on, for the benefit and at the costs of the said Healy, the said plaintiff having consented thereto. The defendant then moved the Court to instruct the jury, that the said plaintiff could not recover in this action, if he was. paid off his debt for the benefit of the said Healy; which instruction, the Court refused to give.
Upon these premises, it is not easy to imagine, in what the Court erred, in refusing the instruction. There is nothing in the mortgage, which, by any possible construction of it, would make a payment after the day stipulated in the mortgage, equivalent to a payment at or before the day; and, as it lay upon the defendant to prove the payment at or before the day, in discharge of the defeasance in the mortgage, he ought to have stated it in the bill of exceptions, if the fact was so. Having omitted to state it, it must be taken, that the payment relied on, was after the day in the defeasance; and in that point of view, the law is very plain.
The estate of the mortgagee in the property included in the deed, until forfeiture, continues as at the common law, before the interference of the Courts of Equity. He is entitled to an estate as tenant in mortgage in fee, or for a term of years, as the case may be; or to an absolute estate in personal property, as regards the title; subject to any agreement as to the possession, and defeasible at law, by performance of the condition. Ryall, &c. v. Rolle, &c. 1 Atk. 179. 1 Pow. on Mortgages, 204. After the forfeiture by failing to perform the condition, whereby the estate becomes absolute, the mortgagee may enter upon it, and take possession, without any possibility at law, of 'xbeing evicted by the mortgagor; 1 Pow. on Mortg. 185; or, if the possession be in the mortgagor, he may recover it by suit, unless there be some agreement in the deed, (which does not exist in this case,) varying the rights of the parties at common *108 law. The judge, therefore, was correct in refusing the instruction to thé jury, asked for by the defendant. The mere acceptance of payment after the day in defeasance, cannot, by implication or inference, change the rights of the parties, as to personal or real estate, at law; or the Statute of 7 Geo. 2, chap. 20, (which is not in force here,) would have been unnecessary, as regards the latter, in England. The fact that the mortgagee agreed that this suit should be for thé benefit of Healy, the surety, who had paid the monéy, and at his costs, has no influence on the rights of the parties, at law, or in equity; as there also, a surety who paid the money would be entitled to the legal effect of the deed, upon the principle of substitution ; which jurisdiction of equity would be entirely frustrated, if payment after the day, by the surety, would divest the legal title of the mortgagee.
Judgment affirmed.